| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| *versus* | §    CASE NO. 1:10-CR-147(1) |
| | § |
| TONYA YEVON WARREN | § |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Tonya Yevon Warren's ("Warren") *pro se* Motion for Early Termination of Supervised Release Term (#55), wherein she seeks early termination of her three-year term of supervised release. Warren's supervising United States Probation and Pretrial Services ("Probation") officer in the Southern District of Texas, Houston Division, is unopposed to the motion. Her Probation officer in the Eastern District of Texas, Beaumont Division, however, is opposed to the motion, noting that the U.S. Probation Office in the Eastern District of Texas does not typically recommend early termination of supervised release for individuals with this type of criminal background. The Government is also opposed to Warren's request for early termination. Having considered the motion, Probation's report, the Government's position, the record, and the applicable law, the court is of the opinion that Warren's motion should be denied.

I.  Background

On December 15, 2010, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned a two-count Indictment against Warren, charging her in Count One with Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1), and in Count Two with Possession of a Stolen Firearm, in violation of 18 U.S.C. § 922(j). Pursuant to a written, nonbinding plea agreement, Warren pleaded guilty to the offense charged in Count One

of the Indictment on April 19, 2011. On November 2, 2011, the court sentenced Warren to a term of 210 months' imprisonment, followed by a three-year term of supervised release. On January 6, 2017, her sentence was reduced to 120 months' imprisonment, followed by a three-year term of supervised release. Warren began her term of supervised release on October 19, 2021, in the Southern District of Texas, which is projected to expire on October 18, 2024.

In her motion, Warren, age 50, asks the court to terminate her supervision at this time, after serving only two years of her three-year term of supervised release. Warren states that she has completed two years without incident, is on supervisory auto pilot in which she reports online, has successfully completed her substance abuse counseling and classes at Unlimited Vision Aftercare, has not submitted any positive urine specimens, has completed her mental health counseling, has maintained stable employment and residency since her release, has not had any involvement in criminal activities, and has had no police contacts since her release. Warren's supervising probation officer in the Southern District of Texas confirmed that Warren has complied with all conditions of her supervision to date.

II.   Analysis

Title 18, United States Code, Section 3583(e) authorizes a district court to terminate supervised release at any time after the expiration of one year if, after considering the factors set forth in Section 3553(a),[1] "it is satisfied that such action is warranted by the conduct of the

---

[1] Section 3553(a) directs courts to consider: the nature and circumstances of the offense and the defendant's history and characteristics; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to deter criminal conduct; the need to protect the public; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable Sentencing Commission guidelines and policy statements; any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing; the need to avoid unwarranted disparities among similar defendants;

defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *accord United States v. Johnson*, 529 U.S. 53, 59-60 (2000); *United States v. Peters*, 856 F. App'x 230, 233 (11th Cir. 2021); *Herndon v. Upton*, 985 F.3d 443, 446 n.5 (5th Cir.), *cert. denied*, 142 S. Ct. 82 (2021); *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020); *United States v. Cochran*, 815 F. App'x 361, 363 (11th Cir. 2020); *United States v. Davies*, 746 F. App'x 86, 88-89 (3d Cir. 2018), *cert. denied*, 139 S. Ct. 1275 (2019). "Early termination of supervised release is not an entitlement." *United States v. George*, 534 F. Supp. 3d 926, 927 (N.D. Ill. 2021). Instead, the defendant bears the burden of demonstrating that early termination is warranted. *Id.*; *United States v. Luna*, No. 1:95-cr-05036-AWI, 2018 WL 10156108, at *1 (E.D. Cal. Mar. 12, 2018), *aff'd*, 747 F. App'x 561 (9th Cir. 2018). Early termination "is not warranted as a matter of course." *United States v. Morris*, No. 3:99-cr-264-17 (VAB), 2022 WL 3703201, at *3 (D. Conn. Aug. 26, 2022). "To the contrary, it is only 'occasionally' justified." *United States v. Shellef*, No. 03-CR-0723 (JFB), 2018 WL 3199249, at *1 (E.D.N.Y. Jan. 9, 2018) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).

Although Warren's supervising Probation Officer in the Southern District of Texas does not oppose early termination, the Probation Office in the Eastern District of Texas and the Government are opposed to terminating her supervised release at the time. In any event, this fact, standing alone, is insufficient to justify granting Warren's request for early termination of supervised release. *See*, *e.g.*, *United States v. Boyd*, 606 F. App'x 953, 960 (11th Cir. 2015) ("Just as a federal prosecutor or probation officer cannot dictate a district court's sentence, they likewise do not call the shots concerning a court's decision whether to terminate early a term of

---

and the need to provide restitution to the victim. 18 U.S.C. § 3553(a).

supervised release. A criminal sentence is the court's sentence, not the prosecutor's and not the probation officer's."); *United States v. Lynn*, No. S90-00053(P), 2022 WL 2446328, at *3 (S.D. Miss. May 31, 2022) (finding that although the Government and probation did not oppose early termination, that fact, standing alone, was insufficient to justify granting the defendant's request for early termination of supervised release); *United States v. Hartman*, No. 3:00-cr-228, 2013 WL 524257, at *1 (N.D. Tex. Jan. 18, 2013) (denying defendant's request for early termination of supervised release despite the Government's recommendation that it be granted), *adopted by* 2013 WL 540490 (N.D. Tex. Feb. 13, 2013); *United States v. Grimaldi*, 482 F. Supp. 2d 248, 249 (D. Conn. 2007) (denying early termination even though the defendant's probation officer supported it).

District courts enjoy considerable discretion in determining when the interest of justice warrants early termination. *United States v. Tacker*, 672 F. App'x 470, 471 (5th Cir. 2017); *United States v. Jeanes*, 150 F.3d 483, 484-85 (5th Cir. 1998); *Lynn*, 2022 WL 2446328, at *3; *see Melvin*, 978 F.3d at 52. Compliance with the terms of supervised release and with the law alone is not enough to merit early termination; such conduct is expected and required. *United States v. Taylor*, 729 F. App'x 474, 475 (7th Cir. 2018) ("[M]ere compliance with the terms of supervised release is expected, and without more, insufficient to justify early termination."); *United States v. Seymore*, No. CR 07-358, 2023 WL 3976200, at *1 (E.D. La. June 13, 2023) ("[C]ourts have generally held that something more than compliance with the terms of [supervised release] is required to justify an early termination . . . ." (quoting *United States v. Smith*, No. 10-cr-53-DPJ-FKB, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014))); *Lynn*, 2022 WL 2446328, at *4 (although the defendant adhered to the conditions of his release, a balancing of the 18 U.S.C.

§ 3553(a) factors did not support early termination, noting that the defendant "engaged in constant serious criminal behavior when he was given chances before"); *United States v. Sandles*, No. 11-CR-204-PP, 2021 WL 3080995, at *3 (E.D. Wis. July 21, 2021) ("[C]ourts have held 'that the conduct of the defendant necessary to justify early termination should include more than simply following the rules of supervision; otherwise, every defendant who avoided revocation would be eligible for early termination.'" (quoting *United States v. O'Hara*, No. 00-cr-170, 2011 WL 4356322, *3 (E.D. Wis. Sept. 16, 2011))); *United States v. Boudreaux*, No. 2:19-CR-00377-01, 2020 WL 7635708, at *1 (W.D. La. Dec. 22, 2020); *United States v. Pittman*, No. 3:15-CR-221-O(1), 2020 WL 6564724, at *2 (N.D. Tex. Nov. 9, 2020) (finding that the conduct of the defendant did not warrant early termination of supervised release, as the defendant sought relief based on his circumstances and the alleged conduct of others) (citing 18 U.S.C. § 3583(e)(1)); *see United States v. Berger*, No. CR 09-308, 2021 WL 2354517, at *5 (W.D. Pa. June 9, 2021) ("Compliance with the conditions of supervision, including refraining from engaging in criminal conduct and paying restitution, however, is required behavior while serving a term of supervised release."). As courts have observed, "if every defendant who complied with the terms of supervised release were entitled to early termination, 'the exception would swallow the rule.'" *United States v. Kassim*, No. 15 Cr. 554-3 (KPF), 2020 WL 2614760, at *2 (S.D.N.Y. May 22, 2020) (citing *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998)).

While the court need not find extraordinary, compelling, or changed circumstances to justify an early termination of supervised release, this does not mean that such circumstances are irrelevant to ruling on a motion under § 3583(e)(1). *United States v. Ferriero*, No. 13-0592 (ES), 2020 WL 6701469, at *2 (D.N.J. Nov. 13, 2020) (citing *Melvin*, 978 F.3d at 53); *accord United*

*States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016).  This is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, pursuant to 18 U.S.C. § 3553(a), it would be expected that something has changed that would justify an early end to a term of supervised release.  *Melvin*, 978 F.3d at 53; *United States v. Jackson*, No. 11-55, 2022 WL 2789870, at *2 (W.D. Pa. July 15, 2022); *United States v. Santoro*, No. 21-76 (MAS), 2022 WL 37471, at *2 (D.N.J. Jan. 4, 2022); *Ferriero*, 2020 WL 6701469, at *2.  In other words, extraordinary circumstances may be sufficient to justify early termination of a term of supervised release, but they are not necessary for such a termination.  *Melvin*, 978 F.3d at 53; *United States v. McClamma*, 676 F. App'x 944, 947 (11th Cir. 2017) ("New or unforeseen circumstances can justify a modification, but such circumstances are not necessary."); *Parisi*, 821 F.3d at 347 (recognizing that "changed circumstances may in some instances justify a modification" of a term of supervision).  Nonetheless, "'generally, early termination of supervised release under § 3583(e)(1)' will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it."  *Melvin*, 978 F.3d at 53 (quoting *Davies*, 746 F. App'x at 89); *Seymore*, 2023 WL 3976200, at *1 ("[E]arly termination is usually granted only in cases involving changed circumstances, such as exceptionally good behavior." (quoting *Smith*, 2014 WL 68796, at *1)).

Warren's offense of conviction entails her possession of multiple firearms as a convicted felon.  A sheriff's deputy conducted a traffic stop of the vehicle she was driving on August 30, 2010.  A search of the vehicle revealed a Mossberg, 12 gauge shotgun; a Russian-make SKS rifle; a Smith and Wesson .44 caliber handgun; and one round of .40 caliber ammunition.  When questioned by law enforcement, she admitted that she had stolen the three firearms and as well as

6

a fourth firearm, a Mossberg shotgun, from a residence in Lumberton, Texas, on August 12, 2010. Warren admitted in the Factual Basis and Stipulation that she had engaged in trafficking firearms in that she had arranged to sell the firearms to another individual, but she was stopped and arrested on her way to the transaction with three of the firearms in her trunk. She further stated that she scratched out the serial numbers on the SKS rifle and the handgun with a rotary tool. Further investigation revealed that Warren had previously been convicted of twelve felony offenses.

The Presentence Investigation Report ("PSR") confirms that Warren has an extensive criminal history beginning at age 19, which includes prior convictions for failure to identify to a peace officer (2x), theft by check (3x), forgery (3x), possession of a dangerous drug (Vicodin and codeine), failure to identify as a fugitive, fraudulent destruction/removal/concealed writing, theft of property (4x), fraud - use of identifying information, burglary of a habitation, possession with intent to deliver a controlled substance (methamphetamine) (2x), driving with a suspended license (2x), and unlawful possession of a firearm. She repeatedly failed to comply with terms of probation and had her probation revoked on seven occasions. Warren was on parole at the time she committed her offense of conviction. In total, Warren accumulated 28 criminal history points, well above the 13 points necessary to reach the highest criminal history category.

In this situation, the court finds that Warren's post-release conduct does not warrant early termination of her supervised release. Although Warren provides the court with a list of the conditions of release with which she has complied, she gives few details, such as the nature or place of her employment, and she identifies no new or exceptional circumstances or needs. In addition to her being convicted of a firearms possession and trafficking offense in the case at bar,

her PSR reveals that she has a long history of substance abuse beginning at age 9, which includes the daily use of marijuana and alcohol and the frequent use of both powder and crack cocaine along with methamphetamine in the weeks leading up to her arrest. Although Warren completed a one-year substance abuse program administered by the Texas Department of Criminal Justice in 2000, she subsequently reverted to abusing drugs. In a written statement submitted to the probation officer who prepared the PSR, Warren explained:

> For the truth is that I allowed things in my life to become unmanageable to the point of losing control, and I then started using methamphetamine. And after that, I lost it. I mean to say, that within three weeks I lost everything that I had and everything that I had accomplished in the time that I had been let out of prison. I broke the law, violated my parole, was using drugs again, lost any realistic hope of a relationship with my children and betrayed the one person who was standing with me and believed in me by stealing the guns from him and lying to everyone, most especially him.

At this time, Warren has been serving her term of supervised release for about two years. While Warren's success to date should be commended, continuing her on supervision would provide her the best opportunity for success in reentry in view of her risk for recidivism. Requiring Warren to complete her entire term of supervised release safeguards against the reoccurrence of criminal activity and drug use, as occurred before. Although she has remained compliant with her drug treatment program to date, she would likely benefit from continued supervision in view of her long struggle with drug use and addiction.

Generally, early termination of supervised release is not granted unless there are significant medical concerns, substantial limitations on employment, or extraordinary post-release accomplishments that would warrant such a release. Warren does not identify any such circumstances in her motion and is instead seeking early termination of her supervision simply for complying with the conditions imposed by the court. As detailed above, Warren has a lengthy

criminal history consisting of twenty-two prior convictions, twelve of which are felonies. *See Lynn*, 2022 WL 2446328, at *3-4. She failed to comply with at least seven previous terms of probation, and her release was revoked. Additionally, Warren has been serving her term of supervised release for only two years. She returned to criminal activity and drug use less than four years after her prior spate of criminal activity. *See Lynn*, 2022 WL 2446328, at *4-5. The Probation Office in the Eastern District of Texas summarized Warren's situation, as follows:

> Although Ms. Warren should certainly be commended for her progress so far, there is no reference to any extraordinary accomplishments or compelling reasons for granting the motion, outside of general compliance that is expected of all persons under supervision. Moreover, the presentence report in this case shows Ms. Warren has a very extensive criminal history with numerous felony convictions and at least 7 prior terms of community supervision that ended in revocation for various reasons. She appears to have remained lawful since her most recent release from imprisonment; however, the considerable history of noncompliance does suggest a heightened risk of recidivism.

This risk of recidivism is best addressed by continuing Warren on supervised release.

Thus, although Warren appears to be on the right path, the court believes that completion of her full term of supervised release appropriately reflects the seriousness of her offense, deters future criminal conduct, and provides needed structure for her continued rehabilitation. *See Lynn*, 2022 WL 2446328, at *4 (holding that the serious nature of the defendant's crimes and his history and characteristics significantly outweighed his actions after his release from prison). The court, likewise, is of the opinion that Warren's current sentence, including the three-year term of supervised release, was appropriate at the time of sentencing and remains so. *See United States v. Lewis*, No. 17-CR-28-FPG, 2021 WL 4519795, at *3 (W.D.N.Y. Oct. 4, 2021). Given the nature of her offense involving the possession and trafficking of four stolen firearms by a multiply

convicted felon, her criminal history, her failure to comply with previous terms of probation, and her history of poly-substance abuse, early termination would not be in the interest of justice.

III.     Conclusion

In accordance with the foregoing, Warren's *pro se* Motion for Early Termination of Supervised Release Term (#55) is DENIED.

SIGNED at Beaumont, Texas, this 19th day of October, 2023.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE